### IN UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

DARYL MURRAY,

                    Plaintiff

    v.

Beverage Distribution Center, Inc., ("BDCI")
8275 N. Route 130
Pennsauken, New Jersey 08110-1435,

Jeffrey A. Honickman, Individually and in his
capacity as Chief Executive Officer for BDCI
951 Frazier RD
Rydal PA, 19046

Gwen Dolceamore, individually and in her capacity
as Vice President of Information Systems for BDCI
2508 Pettit Court
Pennsauken, New Jersey,

Jeffrey M. Stanley, Individually and in his capacity
as Vice President of Human Resources for BDCI
302 Kellerher Drive
Landenberg, Pennsylvania 19350,

Lewis I. Gantman, Individually and in his capacity
as In-House Counsel and Executive Vice President
for BDCI and
1615 Gerson Drive
Penn Valley, PA 19072-1231,

Santo Bonanno, individually and in his capacity as
Vice President of Information Systems BDCI
53 Hastings Lane
Stony Point, New York 10980-1036,

Walt Wilkinson, Individually and in his capacity as
Chief Financial Officer for BDCI
5 Jay Court
Marlton, NJ 08053,

Civil Action No.: 09-5403(JEI)

**COMPLAINT**
**AND JURY DEMAND**

Jennifer L. Hale-Eagland, Individually
8 Forsythia Ct.
Lafayette Hill, PA 19444, and

Blank Rome LLP, a Limited Liability Partnership
301 Carnegie Center, 3rd Floor
Princeton, NJ 08540,

Defendants

## COMPLAINT FOR DISCRIMINATION

**COMES NOW** Plaintiff Daryl Murray (hereinafter, "Plaintiff") by way of this Complaint against the above named Defendants says as follows:

1.  Plaintiff brings this action pursuant to 42 U.S.C. § 1981 originally enacted as § 1 of the Civil Rights Act of 1866, 14 Stat. 27, and amended by the Civil Rights Act of 1991, Pub. L. No. 102-166, 105 Stat. 1071, for discrimination in employment on the basis of race and the New Jersey Law Against Discrimination, N.J.S.A. 10:5-1 et. seq. ("LAD"), for discrimination in employment on the basis of race and/or sex.

## JURISDICTION AND VENUE

2.  Jurisdiction of this court is founded pursuant to 42 U.S.C. § 1981 and 28 U.S.C. §§ 1331, 1332, and 1367. Plaintiff also invokes this Court's pendent jurisdiction to adjudicate state law claims.

3.  Venue lies in this Court, pursuant to 28 U.S.C. §§ 1391, since the employment practices alleged to be unlawful were committed by Defendants within the District of New Jersey, the corporate defendant-employer's main headquarters and business operations are located within the District of New Jersey, and all the plaintiffs reside in the District of New Jersey.

## THE PARTIES

4.      Plaintiff Daryl Murray ("Plaintiff") is an adult African-American male, a citizen of the United States, and resides at 2 Bell Lane, Burlington County, New Jersey. At all times further relevant herein, Plaintiff was a "job seeker" as defined by the New Jersey Private Employment Agency Act.

5.      Defendant BEVERAGE DISTRIBUTION CENTER INC ("BDCI"), is a foreign corporation organized and existing under the laws of the State of New Jersey with their principal place of business located 8275 N. Route 130, Pennsauken, Camden County, New Jersey 08110.

6.      Defendant JEFFREY A. HONICKMAN ("JEFF-HONICKMAN"), is a citizen of the United States and a bona fide resident of the State of Pennsylvania and the Chief Executive Officer ("CEO") of BDCI, The Honickman Group, a fictitious business, and Pepsi-Cola National Brand Beverages LTD ("BDCI"). On information and belief resides at 951 FRAZIER Road, Rydal, Abington Township, Montgomery County, Pennsylvania 19046

7.      Defendant Gwen Dolceamore ("DOLCEAMORE") is an individual, a citizen of the United States, and a resident of the State of New Jersey and the former Vice President of Information Systems for BDCI, and resides at 2508 Pettit Court, Pennsauken, Camden County, New Jersey.

8.      Defendant Jeffrey M. Stanley ("STANLEY") is an individual, a citizen of the United States and a bona fide resident of the State of Pennsylvania and the former Vice President of Human Resources for Defendant BDCI, and on information and belief resides 302 Kellerher Drive, Landenberg, Chester County, Pennsylvania 19350

9.      Defendant Lewis I. Gantman ("GANTMAN") is an individual, a citizen of the United States and a bona fide resident of the State of Pennsylvania who acts as General Counsel and Executive Vice President with Human Resources oversight for Defendant BDCI, and on information

and belief resides at 1615 Gerson Drive, Penn Valley, Lower Merion Township, Montgomery County, Pennsylvania 19072-1231.

10.    Defendant Santo Bonanno ("BONANNO"), is an individual, a citizen of the United States and a bona fide resident of the State of New York, the Vice President of Information Systems for Defendant BDCI, and resides at 53 Hastings Lane, Stony Point, New York 10980-1036.

11.    Defendant Walt Wilkinson ("WILKINSON"), is an individual, a citizen of the United States and a bona fide resident of the State of New Jersey, the Chief Financial Officer ("CFO") for BDCI and resides at 5 Jay Court Marlton, Burlington County, New Jersey 08053.

12.    Defendant Blank Rome LLP ("BLANK ROME"), is a foreign limited liability partnership, organized under the Uniform Partnership Act, N.J.S.A. 42:1A-1 through 56, with an office located at 301 Carnegie Center, 3rd Floor, Princeton, New Jersey.

13.    Defendant Jennifer Hale-Eagland, (HALE-EAGLAND) is an individual, a citizen of the United States, a bona fide resident of the State of Pennsylvania, and an employee and/or associate with the law firm of Blank Rome LLP, and resides at 8 Forsythia Ct., Lafayette Hill, Pennsylvania.

14.    That at all times mentioned in this complaint, Defendants DOLCEAMORE, STANLEY, BONANNO, GANTMAN, WILKINSON, AND JEFFREY A. HONICKMAN were the agents and/or officers and/or employees of Defendants BDCI and JEFF-HONICKMAN.

### ALLEGATIONS OF FACT AND RELEVANT BACKGROUND EVIDENCE

15.    Bonnie Poller ("POLLER") is a citizen of the United States, a bona fide resident of the State of New Jersey, and the former MIS Director for BDCI.

16.    The Workplace Group, Inc., ("WPG") is a domestic corporation organized under the laws of the State of New Jersey with its principal place of business located at 10 Ridgedale Avenue, Florham Park, Morris County, New Jersey 07932.

a)      that at all times material hereto, WPG's activities meet the plain language definition of an "employment agency" as defined by New Jersey Private Employment Agency Act ("Act") N.J.S.A. 34:8-43(1);

17.      At all times material hereto, Defendants BDCI, DOLCEAMORE, BONANNO, STANLEY, GANTMAN, JEFF-HONICKMAN, and WILKINSON knew or should have known about Plaintiff's expressed interest in employment opportunities at BDCI.

18.      On or about March 7, 2007, Plaintiff filed a complaint with the New Jersey Division on Civil Rights ("NJDCR"), Docket Number: ED27WB-53032 against BDCI alleging opposition to acts forbidden by the LAD, specifically N.J.S.A. 10:5-12(a). Plaintiff's NJDCR complaint ("LAD-1") alleged unlawful discrimination and refusal to hire on the basis of race with respect to Plaintiff's November 16, 2006 and January 8, 2007 resumes submitted in application to the MIS Director and MIS Project Manager positions.

19.      On May 19, 2007, Plaintiff mailed his resume via U.S. Certified Mail to Defendants GWEN DOLCEAMORE, JEFFREY STANLEY in response to the May 11, 2007 internet job posting for a MIS Project Manager.

20.      As a direct or proximate result of Plaintiff's expressed opposition to practices forbidden by the LAD as alleged in paragraph "17", Defendants BDCI, DOLCEAMORE, STANLEY, GANTMAN, WILKINSON, JEFF-HONICKMAN, AND BONANNO, have continuously subjected Plaintiff to acts of disparate treatment in employment and other retaliatory adverse employment actions as follows:

a)      On or about June 1, 2007, Defendants JEFFREY STANLEY, JEFFREY HONICKMAN, LEWIS GANTMAN, GWEN DOLCEAMORE, AND WALT WILKINSON met to discuss Plaintiff's application to the MIS Project Manager

position and Plaintiff's then pending NJDCR Complaint, at which time Defendants GANTMAN, STANLEY, DOLCEAMORE, WILKINSON, and JEFF-HONICKMAN conspired to refuse employment to Plaintiff because of Plaintiff's race, and in retaliation for Plaintiff's expressed opposition to practices forbidden by the LAD. (See Murray Deposition: Jan. 7, 2009 at pp. 184-5 to 189-20; and See Stanley Dep.: Dec. 23, 2008 at pp. 66-12 to 68-7 and pp. 139-5 to 140 to 141-18).

b) Specifically, on or about May 25, 2007 thru July 9, 2007, BDCI, DOLCEAMORE, STANLEY, GANTMAN, WILKINSON, JEFF-HONICKMAN, AND BONANNO, refused to deal directly with Plaintiff because Plaintiff refused to dismiss and/or release BDCI from all LAD claims asserted against BDCI and Gwen Dolceamore.

c) At all times material hereto, Defendants DOLCEAMORE, STANLEY, GANTMAN, BONANNO, AND WILKINSON all materially participated in BDCI's efforts to fill the MIS Director position vacated by Bonnie Poller, a white female.

d) Bonnie Poller's position vacancy was also referred to as MIS Director, and/or MIS Project Manager, and/or Project Manager-AS400 Applications.

e) Beginning in or around March 2007, Defendants DOLCEAMORE, GANTMAN, WILKINSON, STANLEY, BONANNO, and Bonnie Poller repeatedly engaged in inter-office conversations and meetings to discuss Plaintiff's NJDCR Complaint and Plaintiff's resume in application to the MIS Project Manager position(s) at which time Defendants DOLCEAMORE, STANLEY, GANTMAN, WILKINSON, AND BONANNO began a campaign of retaliation because of Plaintiff's race, sex, and protected activities whereby the aforesaid Defendants refused to consider, interview, and/or hire Plaintiff for any open positions, while also retaliating against Plaintiff by

treating Plaintiff's discrimination complaints with willful indifference and by openly characterizing Plaintiff's discrimination complaints and allegations as "ridiculous." (See DOLCEAMORE Deposition: Feb. 26, 2009 at pp. 141-23 to 143-15; See BONANNO Deposition: Feb. 26, 2009 at pp. 13-10 to 14-14, pp. 35-7 to 35-24; and See POLLER Deposition: Mar. 5, 2009 at pp. 93-19 to 97-11).

f)      Defendants BDCI, DOLCEAMORE, STANLEY, GANTMAN, BONANNO, AND WILKINSON had knowledge of Plaintiff's NJDCR Complaint and Plaintiff's expressed opposition to practices forbidden by the LAD.

g)      Plaintiff's race, sex, and expressed opposition to practices forbidden by the LAD, caused and/or motivated Defendants DOLCEAMORE, STANLEY, GANTMAN, BONANNO, AND WILKINSON to treat Plaintiff disparately by subjecting Plaintiff to non-required candidate assessments, unusual scrutiny, verbal ridicule, and other criteria that was not directed to white job applicants such as Murray Liddick, Damian Luczyk, Rod Fuller, Anthony Kuczkowski, Maria Hull, Lina Ottaviano Jill Bonin, Darcy MacDonald, Jim Anderson, and Henry Hollin.

21.     On July 17, 2007, Plaintiff filed suit in the Superior Court of New Jersey, Burlington County, Law Division against Defendant BDCI for violations of the LAD, Docket No.: BUR-L-001998-07 ("LAD-II").

a)      Plaintiff subsequently withdrew his NJDCR Complaint against BDCI.

**COUNT ONE**
**VIOLATION of 42 U.S.C. § 1981**
**RACE-BASED REFUSAL TO HIRE FOR JANUARY 3, 2008 MIS VACANCY**
**(AGAINST DEFENDANTS BDCI, JEFFREY A. HONICKMAN, GWEN DOLCEAMORE,**
**JEFFREY M. STANLEY, SANTO BONANNO,**
**LEWIS I. GANTMAN, AND WALT WILKINSON)**

treating Plaintiff's discrimination complaints with willful indifference and by openly

characterizing Plaintiff's discrimination complaints and allegations as "ridiculous."

(See DOLCEAMORE Deposition: Feb. 26, 2009 at pp. 141-23 to 143-15; See

BONANNO Deposition: Feb. 26, 2009 at pp. 13-10 to 14-14, pp. 35-7 to 35-24; and

See POLLER Deposition: Mar. 5, 2009 at pp. 93-19 to 97-11).

f)      Defendants BDCI, DOLCEAMORE, STANLEY, GANTMAN, BONANNO, AND

WILKINSON had knowledge of Plaintiff's NJDCR Complaint and Plaintiff's

expressed opposition to practices forbidden by the LAD.

g)      Plaintiff's race, sex, and expressed opposition to practices forbidden by the LAD,

caused and/or motivated Defendants DOLCEAMORE, STANLEY, GANTMAN,

BONANNO, AND WILKINSON to treat Plaintiff disparately by subjecting Plaintiff

to non-required candidate assessments, unusual scrutiny, verbal ridicule, and other

criteria that was not directed to white job applicants such as Murray Liddick, Damian

Luczyk, Rod Fuller, Anthony Kuczkowski, Maria Hull, Lina Ottaviano Jill Bonin,

Darcy MacDonald, Jim Anderson, and Henry Hollin.

21.     On July 17, 2007, Plaintiff filed suit in the Superior Court of New Jersey, Burlington

County, Law Division against Defendant BDCI for violations of the LAD, Docket No.: BUR-L-

001998-07 ("LAD-II").

a)      Plaintiff subsequently withdrew his NJDCR Complaint against BDCI.

**COUNT ONE**
**VIOLATION of 42 U.S.C. § 1981**
**RACE-BASED REFUSAL TO HIRE FOR JANUARY 3, 2008 MIS VACANCY**
**(AGAINST DEFENDANTS BDCI, JEFFREY A. HONICKMAN, GWEN DOLCEAMORE,**
**JEFFREY M. STANLEY, SANTO BONANNO,**
**LEWIS I. GANTMAN, AND WALT WILKINSON)**

22.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "21" as if originally pleaded herein.

23.     Defendant BDCI, by and through its agents, supervisors, and/or officers denied Plaintiff the rights guaranteed to him under 42 U.S.C. § 1981, which ensures that all persons "shall have the same right . . . to make and enforce contracts . . . as is enjoyed by white citizens . . .,"

24.     Defendant BDCI, by and through its agents or supervisors and/or officers, Defendants GWEN DOLCEAMORE, JEFFREY M. STANLEY, SANTO BONANNO, LEWIS I. GANTMAN, AND WALT WILKINSON, unlawfully denied Plaintiff equal employment opportunities and other terms and conditions of employment, unlawfully discriminated against Plaintiff in his applications for employment because of his race, when Defendants refused to consider and/or hire Plaintiff for vacant positions within the corporate Defendant's Information Systems (MIS) Department in May, October, and January 3, 2008, and March 3, 2008 and in violation of 42 U.S.C. § 1981.

25.     Defendants created and supported an arbitrary and subjective system that resulted in a refusal to extend to Plaintiff the same opportunity to enter contracts for employment that Defendant BDCI extended to white applicants for positions within Defendants' Information Systems Department, specifically the MIS Project Manager Positions filled in February 2007, June 2007, January 2008, and March 2008. More specifically, Defendants DOLCEAMORE, STANLEY, and BONANNO invited at least eleven white applicants (Murray Liddick, Damian Luczyk, Rod Fuller, Anthony Kuczkowski, Maria Hull, Lina Ottaviano, Jill Bonin, Darcy McDonald, Jim Anderson, Henry Hollin) to interview for vacant MIS positions without requiring these white applicants to undergo a subjective prescreening process conducted by The WorkPlace Group Inc., while at the same time requiring Plaintiff to undergo a subjective prescreening "candidate assessment" conducted by WPG.

26.     Defendants extended employment interviews and employment offers to white applicants whose salary demands equaled or exceeded $75,000 per year, while rejecting Plaintiff's application based on the discriminatory pretext that Plaintiff expected a salary in excess of $100,000 per year.

27.     Defendants intentionally subjected Plaintiff to this differential and disparate treatment because of his race, his complaints of employment discrimination, and other protected activities including Plaintiff's exercise of his right to sue Defendants for race discrimination in employment.

28.     Defendants' actions constitute a violation of 42 U.S.C. § 1981.

29.     At all times material hereto, Defendants DOLCEAMORE, STANLEY, BONANNO, WILKINSON, and GANTMAN all materially participated as hiring managers and decision makers in BDCI'S effort to fill positions within BDCI'S Information Systems Department and the aforesaid individual Defendants aided and abetted a violation of 42 U.S.C. § 1981 by Defendant BDCI against Plaintiff because of his race.

30.     As a direct and proximate result of the illegal employment discrimination by Defendants, Plaintiff has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

31.     Plaintiff is informed and believes that the outrageous conduct of Defendants described above was done with malice and with conscious disregard for his federally protected rights. Defendant BDCI, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

**WHEREFORE** Plaintiff respectfully prays this Court:

   a)  To award him, under 42 U.S.C. § 1981, all the back and front pay and fringe benefits he has lost as a result of Defendants' unlawful discrimination against him;

b) To award him, under 42 U.S.C. § 1981, compensatory, and punitive damages in the amount of Five Million Dollars ($5,000,000.00) or an amount to be determined at trial;;

c) To award him reasonable attorney's fees and costs of this action; and

d) To award him such other and further relief as this Court deems just and proper.

## COUNT TWO
### Violation of 42 U.S.C. § 1981
**Retaliation - Refusal to Hire or Consider for January 3, 2008 MIS Project Manager Position; Retaliation – Refusal to Hire or Consider for March 3, 2008 Senior AS400 Programmer Analyst Position Outsourced to Source One Technical Solutions ("SOURCE-1") (AGAINST DEFENDANTS BDCI, GWEN DOLCEAMORE, JEFFREY M. STANLEY, JEFFREY STANLEY, SANTO BONANNO, LEWIS I. GANTMAN, AND WALT WILKINSON and JEFFREY A. HONICKMAN ("DEFENDANTS")**

32.   Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "31" as if originally pleaded herein.

33.   Despite Plaintiff's demonstrated and expressed interest in employment at BDCI, as alleged in paragraphs "16" through "20", Defendant BDCI, by and through its supervisors and/or officers, Defendants GWEN DOLCEAMORE, JEFFREY M. STANLEY, SANTO BONANNO, LEWIS I. GANTMAN, JEFFREY A. HONICKMAN, AND WALT WILKINSON, unlawfully discriminated against Plaintiff and denied him equal employment opportunities and other terms and conditions of employment afforded to white applicants, because of his race and in retaliation for Plaintiff exercising his right to sue Defendants for violation of both state and federal anti-discrimination statutes, in violation of 42 U.S.C. § 1981.

34.   In a letter dated, July 24, 2007, Plaintiff informed Defendant BDCI through Defendant STANLEY, that Plaintiff was interested in any employment and/or business opportunities at Pepsi-Cola-BDCI for which Plaintiff was qualified to fill and for which recruitment was not being handled by the WorkPlace Group Inc.

35.     That on or about August 4, 2007, Defendants BDCI contracted with Source One Technical Solutions ("SOURCE-1") for SOURCE-1 to procure job applicants/referrals to fill an MIS Project Manager position and IBM AS400 Programmer position at BDCI.

36.     That Defendant Bonanno was BDCI 's point person who dealt directly with SOURCE-1 and who received resume referrals from Angel Guglielmo of SOURCE-1.

37.     That as of August 4, 2007 Defendants BONANNO, WILKINSON, DOLCEAMORE, STANLEY, AND GANTMAN, knew and/or should have known of Plaintiff's interest in employment at Defendant BDCI .

38.     That as of August 4, 2007, Defendants BONANNO, WILKINSON, DOLCEAMORE, STANLEY, AND GANTMAN, knew or should have known that Plaintiff previously filed race-based employment discrimination complaints with both the NJDCR (LAD-I) and the Superior Court of New Jersey alleging violations of the LAD on the basis of his race with respect to positions Plaintiff applied to as of May 2007 (LAD-II).

39.     On or about September 10, 2007, Defendant WILKINSON, authorized BONANNO and STANLEY to use all resources available to fill the subject MIS Project Manager Positions.

40.     Despite knowledge of Plaintiff's interest in employment at BDCI , Defendants Pepsi-Cola, BONANNO, WILKINSON, DOLCEAMORE, STANLEY, AND GANTMAN refused to consider Plaintiff for any vacant positions subsequently handled by SOURCE-1, because of and in retaliation for Plaintiff expressed opposition to practices forbidden by the LAD and 42 U.S.C. 1981.

41.     That in deciding to not consider Plaintiff for the aforesaid vacancies, Defendants BONANNO, STANLEY, and WILKINSON were negatively influenced by Defendant DOLCEAMORE's reckless indifference and antagonistic comments that Plaintiff's discrimination claims were "ridiculous."

42.     Beginning on or about October 10, 2007, SOURCE-1 begin referring candidate-resumes to SANTO BONANNO for two employment vacancies at Defendant BDCI for the positions of:

    a)    Project Manager-AS400 Applications ("MIS Project Manager"); and
    b)    Senior AS/400 Programmer Analyst

43.     That on December 18, 2007, Defendant BDCI, by and through Defendant SANTO BONANNO, hired Henry Hollin, a white male, to fill the position of Project Manager-AS400 Applications and on or about March 3, 2008, Defendants BDCI and BONANNO, hired Scott Seveland, a white male to fill the position of Senior AS/400 Programmer Analyst.

44.     That SOURCE-1, by and through Angelo Guglielmo, maintains a policy, which prohibits and restricts SOURCE-1 from referring resumes of candidate/applicants that have already been referred to and/or presented to the Defendant BDCI, and that Guglielmo refers to such job applicants as "Priors." That SOURCE-1 would not have wasted its time referring Plaintiff to BONANNO since BONANNO and BDCI was already familiar with Plaintiff's credentials and his interest in employment, and his ongoing employment discrimination lawsuit against BDCI.

45.     Plaintiff alleges he was and is interested and qualified for the subject MIS Project Manager and AS400 Programmer Analyst Positions and was refused consideration for hire and rejected because of his race and because he exercised his right to sue Defendant BDCI for unlawful race-based employment discrimination. Specifically, Defendants refused to deal with and refused to consider Plaintiff for the aforesaid vacancies because of his race and/or in retaliation for Plaintiff filing the LAD I and LAD II employment discrimination complaints against Defendant BDCI.

46.     Plaintiff was prohibited from contacting BDCI or SOURCE-1 about the vacancies handled by SOURCE-1, because Defendants STANLEY and EAGLAND fraudulently advised Plaintiff that all recruiting for positions at BDCI were being handled exclusively by The WorkPlace Group Inc and that Plaintiff had to contact WPG to be considered for any vacant positions.

47.    That Defendants DOLCEAMORE, BONANNO, STANLEY, GANTMAN, AND WILKINSON knowingly aided and abetted violations of 42 U.S.C. § 1981 by Defendant BDCI against Plaintiff and are each individually liable for their discriminatory actions.

48.    As a direct and proximate result of the illegal employment discrimination by Defendants, Plaintiff has suffered, and continues to suffer, severe pain and suffering and extreme mental anguish and emotional distress. Plaintiff has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities.

49.    Plaintiff is informed and believes that the outrageous conduct of Defendants described above was done with malice and with conscious disregard for his federally protected rights. Defendant BDCI, through its officers, managing agents and/or other supervisors authorized and/or ratified the unlawful conduct.

**WHEREFORE** Plaintiff respectfully prays this Court:

   a)  To award him, under 42 U.S.C. § 1981, all the back and front pay and fringe benefits he has lost as a result of Defendants' unlawful discrimination against him;

   b)  To award him, under 42 U.S.C. § 1981, compensatory damages in an amount to be determined at trial;

   c)  To award him, under 42 U.S.C. § 1981, punitive damages in the amount of five million dollars ($5,000,000.00) or an amount to be determined at trial;

   d)  To award him reasonable attorney's fees and costs of this action; and

   e)  To award him such other and further relief as this Court deems just and proper.

## COUNT THREE
**Violation of New Jersey Law Against Discrimination N.J.S.A. 10:5-12(a) and 10:5-12(e)
Refusal to Hire or Consider for December 2007 MIS Project Manager Position; and
the March 3, 2008 Senior AS400 Programmer Analyst Position Handled by Source One
(Against Defendants BDCI, Gwen Dolceamore, Jeffrey M. Stanley, Santo Bonanno, Lewis I.
Gantman, and Walt Wilkinson)**

50.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "49" as if originally pleaded herein.

51.     Defendant BDCI, through its officers, Defendants Dolceamore, Stanley, Gantman, Bonanno, Wilkinson, engaged in unlawful employment practices of race discrimination by refusing to consider and/or hire Plaintiff because of his race, in violation of the New Jersey Law Against Discrimination ("LAD"), N.J.S.A. 10:5-12 (a).

52.     As a direct and proximate result of Defendants' willful, knowing and intentional discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, and extreme and severe mental anguish and emotional distress.

53.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of the Defendants described above was done with a conscious disregard for his rights and with the intent and purpose of injuring him. Plaintiff is further informed and believes that Defendants, through its officers, managing agents and/or supervisors, personally authorized, participated in, condoned and/or ratified the unlawful conduct.

**WHEREFORE** Plaintiff respectfully prays this Court:

a) To award him, all the back and front pay and fringe benefits he has lost as a result of Defendants' unlawful discrimination against him;

b) To award him, compensatory damages for emotional distress, including humiliation in an amount to be determined at trial;

c) To award him, punitive damages in an amount to be determined at trial;

d) To award him reasonable attorney's fees and costs of this action; and

e) To award him such other and further relief as this Court deems just and proper.

## COUNT FOUR
**Violation of New Jersey Law Against Discrimination N.J.S.A. 10:5-12(d) and 10:5-12(e)
Retaliation Discrimination/Refusal to Hire or Consider for January 3, 2008 MIS Project
Manager Position and the March 3, 2008 Senior AS400 Programmer Analyst Position
(Against Defendants BDCI, Gwen Dolceamore, Jeffrey M. Stanley, Santo Bonanno, Lewis I.
Gantman, and Walt Wilkinson)**

54.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in

paragraphs "1" through "53" as if originally pleaded herein.

55.     Defendant BDCI, through its officers, Defendants Dolceamore, Stanley, Gantman,

Bonanno, Wilkinson, engaged in unlawful employment practices of retaliation discrimination by

refusing to consider, refer, and/or hire Plaintiff because of and in retaliation for Plaintiff's expressed

opposition to practices forbidden by the LAD, in violation of the New Jersey Law Against

Discrimination, N.J.S.A. 10:5-12 (d) and N.J.S.A 10:5-12(e).

56.     As a direct and proximate result of Defendants' willful, knowing and intentional

discrimination against him, Plaintiff has suffered and will continue to suffer pain and suffering, and

extreme and severe mental anguish and emotional distress.

57.     Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct

of the Defendants described above was done with a conscious disregard for his rights and with the

intent and purpose of injuring him. Plaintiff is further informed and believes that Defendants, through

its officers, managing agents and/or supervisors, personally authorized, participated in, condoned

and/or ratified the unlawful conduct.

**WHEREFORE** Plaintiff respectfully prays this Court:

   a)  To award him, all the back and front pay and fringe benefits he has lost as a result of
       Defendants' unlawful discrimination against him;

   b)  To award him, compensatory damages for emotional distress, including humiliation in
       an amount to be determined at trial;

c) To award him, punitive damages in the amount;

d) To award him reasonable attorney's fees and costs of this action; and

a) To award him such other and further relief as this Court deems just and proper.

### COUNT FIVE
### Violation of New Jersey Law Against Discrimination, N.J.S.A. 10:5-12(d) and 10:5-12(e)
### Unlawful Retaliation Discrimination –
### (Against Jennifer Hale Eagland)

58.    Plaintiff herein adopts and incorporates by reference all the allegations set forth in

paragraphs "1" through "57" as if originally pleaded herein..

59.    That Restatement of the Law Governing Lawyers § 56, at Comment c. states as follows:

When a lawyer advises or assists a client in acts that subject the client to civil liability to others, those others may seek to hold the lawyer liable along with or instead of the client. Whether a lawyer is liable depends upon the elements of liability under the law upon which the claim of liability is predicated, and may therefore turn on such factors as how the lawyer's acts contributed to the plaintiff's harm, what the lawyer knew, or believed as to the relevant facts and the law, the lawyer's intent, and how culpable the client's conduct is under the law. [Restatement of the Law Governing Lawyers § 56, Comment c.]

60.    In *Petrillo vs. Bachenberg*, the New Jersey Supreme Court opined as follows:

Whether an attorney owes a duty to a non-client third party depends on balancing the attorney's duty to represent clients vigorously, Rules of Professional Conduct, Rule 1.3 (1993), with the duty not to provide misleading information on which third parties foreseeably will rely, Rules of Professional Conduct, Rule 4.1 (1993). See also Restatement of the Law Governing Lawyers § 73 comment b (Tentative Draft No. 7, 1994) (discussing rationale for imposing duty to non-clients); Stephen Gillers, Regulation of Lawyers 656-64 (3rd ed. 1992) (discussing duty to non-clients); Geoffrey C. Hazard, Jr. & W. William Hodes, The Law of Lawyering § 1.1:203, § 2.3:102 (2d ed. 1990) (same)

[Petrillo v. Bacheberg, 136 N.J. 472,479 (1995); See also RTC Mortgage Trust 1994 N-1 v. Fidelity Nat'l Tile Ins. Company, 58 F. Supp. 2d 503, 1999 WL 553353, 14, 19-26 (D.N.J. 1999) (Orlofsky, J.).]

61.    That at all times mentioned in this complaint, Defendant EAGLAND, was an employee

and associate of the law firm of Blank Rome LLP.

62.     That Defendant EAGLAND knowingly aided and abetted violations of the LAD, N.J.S.A. 10:5-12 et. seq. by BDCI, and she instigated, encouraged, and counseled BDCI in its unlawful employment practices against Plaintiff and is personally liable for her discriminatory actions and direct involvement in Defendant BDCI's hiring practices.

63.     That Defendant BDCI retained Defendant EAGLAND to provide legal advice, legal opinion, and legal defense of Plaintiff's NJDCR Complaint.

64.     That Defendant BDCI did not retain Defendant EAGLAND to actively and materially participate in BDCI'S employment recruitment efforts to fill position vacancies in BDCI'S Information Systems Department.

65.     That Defendant EAGLAND personally injected herself into Defendant BDCI's discriminatory hiring practices by personally requiring Plaintiff to undergo an unlawful "candidate assessment" process conducted by WPG, all the while, Defendant EAGLAND, knew and/or should have known that all applicants to the MIS Project Manager position were not, in fact, required to be contact WPG and not required to be assessed and/or prescreened by WPG.

66.     On or about July 24, 2007, Defendant EAGLAND sent a written letter to Plaintiff, which falsely represented to Plaintiff that all applicants to the MIS Project Manager Position were required to contact Defendant WPG and undergo a "candidate assessment" process.

67.     That all applicants, particularly white applicants, where not required to contact WPG to undergo WPG's "candidate assessment" process.

68.     Defendant STANLEY admitted during his December 23, 2008 oral deposition in the LAD II action, that Defendant's EAGLAND's actions were not in response to BDCI's solicitation of EAGLAND's legal advice or legal opinion (See STANLEY Dep.: Dec. 23, 2008, at pp. 50-11 to 54-3).

69.     That Defendant EAGLAND committed these acts of fraud and disparate treatment against Plaintiff because of Plaintiff's race and sex, and in retaliation for Plaintiff filing a complaint with the New Jersey Division of Civil Rights ("NJDCR)" against Defendant BDCI.

70.     That Defendant EAGLAND never contacted and required any of the white applicants to undergo a "candidate assessment" process conducted by WPG.

71.     Defendant EAGLAND's conduct as alleged in this complaint constitutes an unlawful employment practice in violation of N.J.S.A. 10:5-1 et. seq., in particular N.J.S.A. 10:5-12(d) and (e).

**WHEREFORE** Plaintiff demands judgment against Defendant Hale Eagland as follows:

a.      Award compensatory damages for loss wages, future loss, emotional distress, pain & suffering, inconvenience, mental anguish & loss of enjoyment of life, and liquidated damages in such an amount as may be proved at trial or such other sum as the law may provide;

b.      For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

c.      For prejudgment interest on all amounts claimed; and

d.      For attorneys' fees, expert fees, and costs of suit herein pursuant to statute or as otherwise may be allowed by law.

e.      For such other relief as this Court may deem just and proper.

**COUNT SIX**
**COMMON LAW FRAUD/INTENTIONAL**
**AND/OR NEGLIGENT MISREPRESENTATION**
**(Against Defendants Jennifer Hale Eagland and Blank Rome LLP)**

72.     Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "71" as if originally pleaded herein.

73.     Plaintiff first became aware of Defendants' negligent misrepresentation on February 26, 2009 when Plaintiff discovered that Santo Bonanno was not restricted from hiring candidates that did not come from The WorkPlace Group Inc.

74.   Defendants JENNIFER HALE EAGLAND AND BLANK ROME LLP made the following intentional and/or negligent misrepresentations and committed common law fraud in:

    a)   That on or about July 24, 2007, Defendant Eagland sent a written letter to Plaintiff, which falsely represented to Plaintiff that all applicants to the MIS Project Manager Position were required to contact WPG and undergo a "candidate assessment" process.

    b)   On July 31, 2007, Defendant Eagland, by and through her employer, BLANK ROME, sent a written letter to Plaintiff, which falsely represented and advised Plaintiff "that "recruiting for the MIS Project Manager Position is being handled exclusively through the WorkPlace Group. Therefore, to remain in the recruiting process, you must contact the WorkPlace Group directly – as all applicants for this position are required to do."

    c)   Failing to adequately disclose that many white applicants, where not required to contact WPG to undergo WPG's "candidate assessment" process.

    d)   Failing to adequately disclose to Plaintiff that Defendant BDCI did not require all applicants to the MIS Project Manager Position to contact WPG and undergo a "candidate assessment" conducted by WPG.

    e)   Failing to adequately disclose that as of August 3, 2007, Plaintiff was not required to contact WPG to be considered for positions that were outsourced to Source One Technical Solutions.

75.   That Defendant Stanley admitted during his December 23, 2008 oral deposition taken in the LAD-II action that Defendant's Eagland's actions, with respect to the July 2007 letters, were not in response to Defendant BDCI's or Mr. Stanley's solicitation of Eagland's legal advise or opinion.

76.     The intentional and/or negligent misrepresentations set forth above were done to induce Plaintiff to participate in WPG's candidate assessment process and to mislead, deter, and prohibit Plaintiff from participating in Defendant BDCI's recruitment process as a whole.

77.     Defendant EAGLAND knew and/or should have known that her misrepresentations as set forth above were done with the knowledge that the misrepresentations were false when made.

78.     Plaintiff justifiably and reasonably relied upon the misrepresentations set forth above in making the decision as to whether to participate in WPG's candidate assessment process.

79.     Plaintiff justifiably and reasonably relied upon the misrepresentations set forth above in making the decision not to apply directly to Source One Technical Solutions in application to the MIS Project Manager and AS/400 Programmer Positions subsequently handled by SOURCE-1.

80.     In supplying the false information, Defendants failed to exercise reasonable care or competence in obtaining or communicating information to Plaintiff.

81.     Pursuant to the Rules of Professional Conduct, 4.1, Defendant EAGLAND had a legal duty to not make false statements and/or misrepresentations to a non-client third party.

82.     That by reason of Plaintiff's detrimental reliance upon Defendant EAGLAND's misrepresentations, Plaintiff, was caused to suffer certain serious, severe and permanent physical and non-physical personal injuries and conditions, emotional distress, humiliation, mental anguish and suffering, loss of employment, loss of enjoyment of life, loss of past and future earnings, and bonuses, and has otherwise been caused to be damaged thereby.

83.     Defendant Blank Rome LLP is vicariously liable for the actions of Defendant Eagland.

**WHEREFORE** Plaintiff demands judgment against Defendant Hale Eagland as follows:

a.      Award compensatory damages for loss wages, future loss, emotional distress, pain & suffering, inconvenience, mental anguish & loss of enjoyment of life, and liquidated damages in such an amount as may be proved at trial or such other sum as the law may provide;

b.   For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

c.   For prejudgment interest on all amounts claimed; and

d.   For attorneys' fees, expert fees, and costs of suit herein pursuant to statute or as otherwise may be allowed by law.

e.   For such other relief as this Court may deem just and proper.

**COUNT SEVEN**
**CLAIM FOR RELIEF AGAINST DEFENDANTS**
**BDCI AND JEFFREY A. HONICKMAN**
**FOR NEGLIGENT HIRING, TRAINING, AND RETENTION**

84.   Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "83" as if originally pleaded herein.

85.   That the Defendants BDCI and JEFFREY A. HONICKMAN, did employ and continue to employ defendants GWEN DOLCEAMORE, JEFFREY M. STANLEY, SANTO BONANNO, LEWIS I. GANTMAN, and WALT WILKINSON, and other employees of BDCI, whose identities are currently unknown, despite actual knowledge of the racist and sexists attitudes and views of said employees, and did condone, ratify and otherwise encourage said racist and discriminatory employment practices by retaining said defendants and did actually know of such acts of disparate treatment and unlawful employment practices directed toward African-American males, specifically and including Plaintiff.

86.   That GWEN DOLCEAMORE, JEFFREY M. STANLEY, SANTO BONANNO, LEWIS I. GANTMAN, and WALT WILKINSON (collectively "OFFICERS"), lacked the fitness, competence, qualification, training, temperament, abilities, and suitability for the positions in which they were employed. More specifically, at all times material hereto, the said employees lacked the experience, knowledge, training, and competence to investigate and respond to Plaintiff's specific allegations of racial and gender discrimination during the pre-employment application phase.

87.     That as of May 2007, BDCI had no formal policy or procedure in place which directed BDCI's OFFICERS how to deal or process Plaintiff's applications for employment in a nondiscriminatory manner where Plaintiff elected to simultaneously pursue his formal complaints of unlawful employment discrimination with either the New Jersey Division of Civil Rights and/or with the Superior Court of New Jersey.

88.     That the Defendants BDCI and JEFFREY A. HONICKMAN knew or should have known of the Defendants-OFFICERS' racist attitudes and of their discriminatory policies and refusals to hire male persons of African American decent within BDCI'S Information Systems Department supervised by GWEN DOLCEAMORE, and specifically, the Defendant-OFFICERS' refusals to hire Plaintiff because of his race and sex, and Plaintiff's expressed opposition to BDCI'S unlawful employment practices.

89.     As hiring managers and decision makers, Defendants DOLCEAMORE, BONANNO, WILKINSON, and STANLEY had a legal duty to investigate Plaintiff's discrimination complaints, and to prevent, avoid, and correct workplace harassment and discriminatory treatment of Plaintiff occurring in BDCI's workplace.

90.     Defendants DOLCEAMORE, BONANNO, WILKINSON, and STANELY each individually did not conduct an independent investigation of Plaintiff's complaints.

91.     That the Defendant BDCI and JEFFREY A. HONICKMAN, acted in a negligent way by hiring, training, and retaining Defendants DOLCEAMORE, JEFFREY M. STANLEY, SANTO BONANNO, LEWIS I. GANTMAN, and WALT WILKINSON, after they knew or should have known of their racist attitudes, discriminatory animus and racist behavior toward black males, and their discriminatory employment practices that made them unsuitable for the positions in which they were employed.

92. That Defendants' conduct and the aforesaid OFFICERS' incompetence and/or unfitness was a proximate cause of the injuries suffered by Plaintiff in violation of Plaintiff's civil rights and human rights and all damages concomitant thereto.

93. That by reason of the foregoing, Plaintiff, was caused to suffer certain serious, severe and physical and non-physical personal injuries and conditions, emotional distress, mental injury and suffering, loss of enjoyment of life, loss of employment, loss of past and future earnings, bonuses, damage to business reputation, and have otherwise been caused to be damaged thereby.

**WHEREFORE** Plaintiff demands judgment against Defendants jointly and severally as follows:

a. Award compensatory damages for loss wages, future loss, emotional distress, pain & suffering, inconvenience, mental anguish & loss of enjoyment of life, and liquidated damages in such an amount as may be proved at trial or such other sum as the law may provide;

b. For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

c. For prejudgment interest on all amounts claimed; and

d. For attorneys' fees, expert fees, and costs of suit herein pursuant to statute or as otherwise may be allowed by law.

e. For such other relief as this Court may deem just and proper.

## COUNT EIGHT
### CLAIM FOR RELIEF AGAINST DEFENDANTS
### BDCI AND JEFFREY A. HONICKMAN
### FOR NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION

94. Plaintiff herein adopts and incorporates by reference all the allegations set forth in paragraphs "1" through "93" as if originally pleaded herein.

95. That New Jersey Rule 1:27-2, also known as the "Limited License; In-House Counsel Rule" governs the practice of law in New Jersey by lawyers employed by Corporations such as BDCI.

96.     That Defendants BDCI and JEFFREY A. HONICKMAN, did employ and continue to employ Defendant LEWIS I. GANTMAN as BDCI'S In-House Counsel, despite their actual knowledge of GANTMAN's failure to comply with the requirements of New Jersey Rule 1. 27-2, JEFF HONICKMAN did condone, ratify and otherwise encourage GANTMAN's unauthorized practice of law within the State of New Jersey by fraudulently representing Defendant GANTMAN as BDCI's "General Counsel" to which GANTMAN was allowed and has been allowed to make and influence BDCI'S discriminatory hiring practices and procedures under the guise of legal advise and legal opinion which was wrongfully shielded from discovery throughout the aforesaid "NJLAD ACTION" by BDCI'S frivolous assertion of attorney-client privilege objections in order to hide BDCI'S and GANTMAN'S racist and discriminatory employment practices and retaliatory discrimination directed toward Plaintiff throughout the pending state court BURLINGTON ACTION.

97.     That Defendants' conduct and the aforesaid officer-employee's incompetence and/or unfitness to practice law in the State of New Jersey as In-House Counsel, was a proximate cause of the injuries suffered by Plaintiff in violation of Plaintiff's civil rights, human rights, and all damages concomitant thereto.

98.     That by reason of the foregoing, Plaintiff, was caused to suffer certain serious, severe and permanent physical and non-physical personal injuries and conditions, emotional distress, mental injury and suffering, loss of employment, loss of past and future earnings, and bonuses, and has otherwise been caused to be damaged thereby.

**WHEREFORE** Plaintiff demands judgment against Defendants jointly and severally as follows:

a.      Award compensatory damages for loss wages, future loss, emotional distress, pain & suffering, inconvenience, mental anguish & loss of enjoyment of life, and liquidated damages in such an amount as may be proved at trial or such other sum as the law may provide;

b.    For an award of exemplary and punitive damages to the extent allowed by law and in an amount according to proof;

c.    For prejudgment interest on all amounts claimed; and

d.    For attorneys' fees, expert fees, and costs of suit herein pursuant to statute or as otherwise may be allowed by law.

e.    For such other relief as this Court may deem just and proper.

Dated: October 19, 2009

DARYL MURRAY, Plaintiff acting pro se.

## JURY DEMAND

Plaintiff demands trial by jury on this Complaint.

## CERTIFICATION AS TO OTHER MATTERS

The undersigned hereby certifies the following related matters are presently pending:

- Murray v. The Honickman Group et al.; Superior Court of New Jersey, Burlington County, Law Division, Docket No.: BUR-L-001998-07

- Murray v. The Honickman Group et al.; U.S. District Court, District of New Jersey; Civil Action No.: 1:08-cv-00579-JEI (Remanded to State Court – Fed Claims Voluntarily Dismissed)

The following parties may have to be joined this action:
- Harold Honickman of The Honickman Group
- Angelo Guglielmo, Source One Technical Solutions
- The WorkPlace Group Inc. and/or Steven J. Lindner, Pres of WorkPlace Group, Inc.

Further, I know of no other parties that should be made a part of this lawsuit. I recognize my continuing obligation to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this First Amended Complaint and Certification.

October 19, 2009

DARYL MURRAY, Plaintiff acting pro se