UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DARYL MURRAY,                   :        HONORABLE JOSEPH E. IRENAS
                                :
        Plaintiff,              :   CIVIL ACTION NO. 09-5403 (JEI/AMD)
                                :
    v.                          :      **ORDER DENYING PLAINTIFF'S**
                                :    **MOTION TO AMEND THE COMPLAINT**
BEVERAGE DISTRIBUTION           :            **(Docket #48)**
CENTER, INC., et al.,           :
                                :
        Defendants.             :


**APPEARANCES:**

DARYL MURRAY, *Plaintiff pro se*
2 Bell Lane
Burlington, New Jersey 08016

BLANK ROME, LLP
By:  Anthony B. Haller, Esq.
     Jennifer Hale Eagland, Esq.
     Terry D. Johnson, Esq.
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
        Counsel for Defendants Beverage Distribution Center, Inc.;
        Jeffrey Honickman; Gwen Dolceamore; Jeffrey M. Stanley;
        Lewis I. Gantman; Santo Bonanno; and Walt Wilkinson


**IRENAS**, Senior District Judge:

        This matter having appeared before the Court upon Plaintiff's

Motion to Amend the Complaint (Docket #48), the Court having

considered the submissions of the parties, and it appearing that:

        (1) This is a employment discrimination / retaliation action.

The facts and claims of this case are set forth at length in the

Court's Opinion addressing Defendants' Motion for Summary Judgment,

which is issued on even date herewith.

        (2)  Plaintiff presently seeks to add three claims to his

Complaint: (a) intentional misrepresentation / fraud claims against

Defendant Stanely; (b) a negligent misrepresentation claim against

Defendant Stanely; and (c) a retaliation claim, pursuant to 42 U.S.C.

§ 1981 and New Jersey's Law Against Discrimination, against Defendant

BDCI for failure to hire him for a Seasonal Night Loader position in

February, 2010.[1]

    (3)   Fed. R. Civ. P. 15(a)(2) provides, in relevant part,

"[t]he court should freely give leave [to amend a pleading] when

justice so requires."  Reasons for denying leave to amend include

"undue delay, bad faith or dilatory motive on the part of the movant

. . . undue prejudice to the opposing party by virtue of the

allowance of the amendment, [and] futility of amendment."  *Foman v.*

*Davis*, 371 U.S. 178, 182 (1962).  "'Futility' means that the

complaint, as amended, would fail to state a claim upon which relief

could be granted."  *Travelers Indem. Co. v. Dammann & Co.*, 594 F.3d

238, 256 (3d Cir. 2010) (internal citation and quotation omitted).

    (4)   As to Plaintiff's common law fraud and negligent

misrepresentation claims, amendment would be futile.

    (5)   In order to succeed on the common law fraud and

---

[1]   Plaintiff also seeks to make non-substantive changes, such as correcting "typographical and grammatical errors" (Pl's Notice of Motion to Amend) and deleting parties who have already been dismissed from the case by order of this Court (Jennifer Hale Eagland and Blank Rome, LLP).  Because those changes are functionally unnecessary, leave to amend will be denied.

    Similarly, Plaintiff seeks to amend his damages demand to request specific forms of compensatory and punitive damages, as well as specific forms of injunctive relief.  The Court also finds this proposed change unnecessary because the combined result of this order and the Court's decision on Defendants' Motion for Summary Judgment is to leave no remaining claims of liability.

negligent misrepresentation claims, Plaintiff must establish that he reasonably relied on the alleged misrepresentation.  *See Gennari v. Weichert Co. Realtors,* 148 N.J. 582, 610 (1997) (fraud); *H. Rosenblum, Inc. v. Adler*, 93 N.J. 324, 334 (1983) (negligent misrepresentation).  The alleged misrepresentation is Defendant Stanley's written statement to Plaintiff that all job applicants must submit their applications through BDCI's recruiter.  While Plaintiff does point to evidence that not all applicants were required to apply through the recruiter, that evidence alone is insufficient to establish a fraud claim.  Plaintiff must also have relied on that representation.  However, it is clear that Plaintiff did not rely on that representation because he undisputedly refused to submit his application through the recruiter.  Indeed, Plaintiff's entire case rests upon his assertion that he was justified in refusing to go through the recruiters because they were employing an allegedly unfair and discriminatory screening process.  Because Plaintiff cannot establish reliance on the alleged misrepresentation, his proposed misrepresentation / fraud claims fail.

(6)  As to Plaintiff's proposed retaliation claim, allowing amendment at this time would cause undue delay in a case that is otherwise now concluded.[2]  Additional discovery on the proposed claim

_____

[2]  *Cf.  Schlacter-Jones v. General Tel.,* 936 F.2d 435, 443 (9th Cir. 1991) ("A motion for leave to amend is not a vehicle to circumvent summary judgment."), *overruled on other grounds, Cramer v. Consol. Freightways, Inc.,* 255 F.3d 683 (9th Cir. 2001).
The Court also notes that allowing amendment at this time would render non-final (and thus non-appealable) the otherwise

would likely be necessary because the claim arises out of Defendant

BDCI's failure to hire Plaintiff for a distinctly different position

(a Seasonal Night Loader position) than the positions presently at

issue in the case (Management Information Systems positions).  While

discovery in this case so far has focused on the decisionmaking

process of personnel within Defendant BDCI's Information Systems

Department during 2007 and 2008, the proposed claim would implicate

decisionmaking during a different time period in, presumably, a

different department.

(7)  Additionally, while the Court makes no factual findings

with regard to Plaintiff's intentions in seeking to add this new

retaliation claim, it is worth noting that Defendants have a

plausible basis for their allegation that the proposed claim is not

asserted in good faith.  Plaintiff's disputes with Defendant BDCI

date back to at least March, 2007.  By the time Plaintiff applied for

the Seasonal Night Loader position, he had spent years zealously

litigating two separate lawsuits against BDCI-- one in state court,

and the instant suit.  These facts certainly raise a question as to

whether Plaintiff, who holds a bachelor of science degree and has

extensive MIS experience, sincerely desired a night loader position

with a company who he believes has repeatedly discriminated and

---

final judgment in favor of Defendants on the existing claims.  At
this stage of the case, Plaintiff may prefer to pursue an
immediate appeal with respect to the existing claims, rather than
wait until a final judgment is reached on the proposed additional
claim.

retaliated against him.[3]

(8)  The futility of two of the three proposed claims, along with the undue delay that would result if Plaintiff were allowed to add the third claim, together, is sufficient reason for this Court to decline to exercise its discretion in Plaintiff's favor. Nonetheless, the possibility that the proposed third claim might not be asserted in good faith has factored into this Court's decision. And for good cause shown,

**IT IS** on this 23rd day of November, 2010,

**ORDERED THAT:**

Plaintiff's Motion to Amend (Docket #48) is hereby **DENIED.**

        s/ Joseph E. Irenas
        JOSEPH E. IRENAS
        Senior United States District Judge

---

[3]  As this Court has noted previously, while Plaintiff is proceeding *pro se,* he has repeatedly demonstrated his relatively sophisticated understanding of the law and civil procedure.  For example, as the Court's docket reflects, Plaintiff initially named Defendants' counsel, Blank Rome, LLC and Jennifer Hale Eagland, Esq. (who was the same in this suit and the state court suit) as Defendants to this suit, thereby automatically creating a conflict of interest between Defendants and their counsel in both lawsuits.  Thereafter, Plaintiff moved to disqualify defense counsel on the basis of the conflict which he created.  This Court granted Blank Rome's and Hale Eagland's Motion to Dismiss.