```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF NEW JERSEY
```

DARYL MURRAY,                :     HONORABLE JOSEPH E. IRENAS
                             :
        Plaintiff,           :     CIVIL ACTION NO. 09-5403 (JEI/AMD)
                             :
    v.                       :           **OPINION**
                             :
BEVERAGE DISTRIBUTION        :
CENTER, INC., et al.,        :
                             :
        Defendants.          :

**APPEARANCES:**

DARYL MURRAY, *Plaintiff pro se*
2 Bell Lane
Burlington, New Jersey 08016

BLANK ROME, LLP
By: Anthony B. Haller, Esq.
    Jennifer Hale Eagland, Esq.
301 Carnegie Center, 3rd Floor
Princeton, New Jersey 08540
        Counsel for Defendants Beverage Distribution Center,
        Inc.; Jeffrey Honickman; Gwen Dolceamore; Jeffrey M.
        Stanley; Lewis I. Gantman; Santo Bonanno; and Walt
        Wilkinson

**IRENAS**, Senior District Judge:

On November 23, 2010, this Court granted summary judgment to Defendants on all claims asserted in this employment discrimination / retaliation suit. Presently before the Court are: (1) Plaintiff's Motion to Amend the Judgment, or Alternatively to Reconsider its decision granting summary judgment to Defendants / Plaintiff's Motion to Reconsider the denial of Plaintiff's Motion to Amend the Complaint; (2) Defendants' Motion for Sanctions; and (3) Defendants' Motion for Injunctive Relief, seeking to enjoin Plaintiff from applying for employment with Defendant BDCI, and

from "filing papers with any government agency, tribunal or court related to any applications for employment with BDCI or any hiring decision by BDCI." (Defendants' Proposed Order). For the reasons set forth herein, all of the motions will be denied.[1]

## I.

The facts and claims of this case are set forth at length in the Court's Opinion addressing Defendants' Motion for Summary Judgment, *Murray v. Beverage Distrib. Ctr., Inc.*, 2010 U.S. Dist. LEXIS 123941 (D.N.J. Nov. 23, 2010), and need not be repeated here.

## II.

*Motion for Reconsideration Standard*

A motion for reconsideration may only be granted on the ground that (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) vacating the Order is necessary to correct a clear error of law or manifest injustice. *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995).

Motions for reconsideration must be filed within 14 days of the entry of the original order or judgment sought to be reconsidered. L. R. Civ. P. 7.1(e).

---

[1] Defendants have also moved for a Bill of Costs. Pursuant to Local Rule, such motions are first decided by the Clerk of Court. *See* L. Civ. R. P. 54.1. Accordingly, the Court does not address the Costs Motion at this time.

*Motion to Alter Judgment Standard*

Federal Rule of Civil Procedure 59(e) "permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 582 n.5 (2008).  "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice."  *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *North River Ins. Co v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Rule 59 motions must be filed "no later than 28 days after the entry of judgment."  Fed. R. Civ. P. 59(e).

*Sanctions standards*

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.  28 U.S.C. § 1927.

Sanctionable conduct under Fed. R. Civ. P. 11(b) includes "presenting to the court a pleading written motion, or other paper

3

. . . for any improper purpose such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and pursuing legally or factually frivolous "claims, defenses, [or] other legal contentions."

In addition to the sanctioning authority granted to this Court by statute and rule, this Court also has inherent authority to sanction bad faith conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991).

**III.**

The Court first considers Plaintiff's Motion before turning to Defendants' Motions.

**A.**

Plaintiff's Motion attacks two separate decisions: the grant of summary judgment to Defendants on all claims, and the denial of Plaintiff's Motion to Amend the Complaint. The Court addresses each in turn.

*Grant of summary judgment to Defendants*

Whether considered a Motion to Alter the Judgment or a Motion for Reconsideration, the application is untimely. The instant Motion was filed 29 days after the entry of the order granting summary judgment. As stated *supra* at Section II., Rule 59 motions must be filed no later than 28 days after the entry of

4

judgment, and a motion for reconsideration must be filed within 14 days of the entry of the order or judgment.  This reason alone would be sufficient to deny Plaintiff's Motion.[2]

However, Plaintiff's Motion also fails on the merits.  Contrary to Plaintiff's assertions, the Court did not commit a clear error of law or overlook evidence.[3]

Plaintiff asserts that the Court erred by resolving an issue of disputed fact in favor of Defendants in determining whether Plaintiff had established a *prima facie* case of discrimination, thereby "totally rely[ing] on Defendants unsubstantiated arguments."  (Pl's Moving Br. at 12)  Plaintiff misreads the Court's opinion.

The Court concluded that Plaintiff had not established his *prima facie* case because he could not establish that he applied for the positions at issue.  *See Murray*, 2010 U.S. Dist. LEXIS 123941 at *18-20.  The Court's ruling in this regard rested on Plaintiff's own evidence showing that he did not apply for the disputed positions, not any contrary evidence produced by Defendants.

---

[2] As this Court has observed before, while Plaintiff is *pro se*, he has repeatedly demonstrated his relatively sophisticated understanding of the law and civil procedure, and apparent access to legal reference materials.  It is unlikely that Plaintiff's failure to timely file the instant motion can be explained by mere unfamiliarity with the rules.

[3] As demonstrated *supra* at Section II, the legal standards for altering a judgment and reconsidering a decision are practically identical.  Accordingly, the Court's analysis is the same regardless of whether the Motion is treated as Rule 59 motion or a motion for reconsideration.

Defendants merely argued that the record evidence could not support a finding that Plaintiff applied for the position-- a conclusion that this Court independently reached after thoroughly reviewing the record. The Court did not make an error of law.

Nor did the Court overlook facts. Plaintiff argues that the Court ignored evidence that he did indeed apply for the Project Manager- AS 400 Applications position. However, his argument is nothing more than a reiteration of the argument he made at summary judgment, namely, that his prior applications should have been considered applications for every subsequent IT position BDCI posted. *See Murray*, 2010 U.S. Dist. LEXIS 123941 at *19 ("Murray asserts that BDCI should have kept his previous application materials on file and initiated contact with him when positions for which he was qualified became available. However, considering Murray's repeated refusal to cooperate with the hiring process, BDCI was under no duty to invite Murray to apply again."). The Court did not overlook any facts, Plaintiff merely wishes to argue again, the legal significance of prior job applications in the analysis of his instant claims. Motions for reconsideration and motions to alter the judgment may not be used to relitigate old matters.[4] Accordingly, Plaintiff's Motion with respect to summary

---

[4] Nor are such motions proper vehicles for raising new arguments. For the first time ever, in his reply brief, Plaintiff argues that The Work Place Group was not an external third-party recruiter but rather, an extension of BDCI, and therefore Plaintiff had a right under New Jersey's Conscientious Employee Protection Act (CEPA) to object to what he considered to

judgment will be denied.

*Denial of Plaintiff's Motion to Amend the Complaint*

The instant application attacking the Court's denial of leave to amend must be construed as a motion for reconsideration because, with respect to that decision, there is no judgment to be altered. Further, as noted above, the Motion for Reconsideration is untimely.

The Motion also fails on the merits. Plaintiff sought to amend his Complaint to add three claims to his Complaint: (a) intentional misrepresentation / fraud claims against Defendant Stanley; (b) a negligent misrepresentation claim against Defendant Stanley; and (c) a retaliation claim, pursuant to 42 U.S.C. § 1981 and New Jersey's Law Against Discrimination, against Defendant BDCI for failure to hire him for a Seasonal Night Loader position in February, 2010.

With regard to the fraud / misrepresentation claims, the Court denied leave to amend because amendment would be futile. The Court found that Plaintiff could not, under any set of facts, prove that he relied on the alleged misrepresentation-- to wit., that Plaintiff must submit his job applications through BDCI's recruiter-- because Plaintiff admittedly refused to submit his

---

be an "unlawful screening process." Such an argument may not be raised at this stage of the case, therefore the Court does not consider it.

applications through the recruiter.

Plaintiff now asserts that this Court erroneously ignored record evidence that Plaintiff did submit applications through BDCI's recruiter on January 8, 2007 and May 19, 2007. The problem with Plaintiff's argument is timing. The alleged misrepresentation occurred on July 31, 2007. Thus, to establish reliance, Plaintiff must point to evidence that he submitted an application through the recruiter *after* BDCI directed him to apply through the recruiter. There is no such evidence in the record; indeed, the next sentence of Plaintiff's argument on this issue concedes that he "did not subsequently apply again." (Pl's Reply Br. at 2) Accordingly, Plaintiff's argument with regard to the fraud / misrepresentation claims fails.

With regard to the retaliation claim, the Court denied leave to amend because allowing amendment would have caused undue delay. Plaintiff does not attack the Court's reasoning in that regard, instead, he asserts that the Court "inappropriately issued an advisory opinion as to the bona fides of Plaintiff's application for the Seasonal Night Loader position."[5] (Pl's Reply Br. at 7) Because Plaintiff does not assert an error that would alter the

---

[5] The Court wrote, "while the Court makes no factual findings with regard to Plaintiff's intentions in seeking to add this new retaliation claim, it is worth noting that Defendants have a plausible basis for their allegation that the proposed claim is not asserted in good faith." (Order Denying Leave to Amend, ¶ 7)

disposition of the Motion to Amend[6], the Motion for Reconsideration will be denied.[7]

**B.**

Defendants move for sanctions pursuant to 28 U.S.C. § 1927, the Court's inherent authority, and Fed. R. Civ. P. 11.  They seek an order from this Court enjoining Plaintiff from "filing papers with any government agency, tribunal or court related to any applications for employment with BDCI or any hiring decision by BDCI."

*Sanctions pursuant to this Court's inherent authority and § 1927*

A finding of bad faith is a prerequisite to imposing sanctions under both this Court's inherent authority and § 1927.  *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 50-51 (1991)(discussing courts' inherent authority to sanction "bad-faith conduct"); *Grider v. Keystone Health Plan Central, Inc.*, 580 F.3d 119, 142 (3d Cir. 2009) ("sanctions may not be imposed under § 1927 absent a finding

---

[6] The Court expressly stated that undue delay alone was sufficient grounds for denying leave to amend.  (Order Denying Leave to Amend, ¶ 8)

[7] Plaintiff also seeks an order "reflect[ing] that the denial [of leave to amend] [w]as without prejudice to Plaintiff pursuing his state law claims in state court." (Pl's Reply Br. at 1)  The Court makes no ruling on the preclusive effect, if any, that this Court's decision on the Motion to Amend might have on subsequent state court proceedings.  That is an issue for the state court to decide.

[of] . . . bad faith, rather than misunderstanding, bad judgment, or well-intentioned zeal.") (internal citation and quotation omitted).  The Court concludes that Plaintiff's conduct does not rise to the level of bad faith.[8]

Defendants point to very little evidence supporting their assertion that Plaintiff purposefully pursued this suit, and a separate state court suit concerning different job applications (and therefore discrete legal claims)[9] knowing that his claims in both suits were meritless.  Certainly, the mere fact that Defendants won their summary judgment motions in both suits does not, by itself, demonstrate that Plaintiff knew his claims were meritless.  Plaintiff has appeared in-person before this Court on several occasions, and his belief in the merits of his case appears genuine, even though that belief is, in this Court's view, ultimately misplaced.

Defendants argue that Plaintiff attempted to amend both his

---

[8] With regard to sanctions under § 1927, "the statute is designed to discipline counsel only and does not authorize imposition of sanctions on the attorney's client." *Zuk v. Eastern Pa. Psychiatric Inst. of the Medical College of Pa.*, 103 F.3d 294, 297 (3d Cir. 1996).  The Third Circuit has not decided, however, whether *pro se* litigants may be subject to § 1927 sanctions.  Because the Court concludes on independent grounds that such sanctions are inappropriate, this Court need not decide the issue.

[9] As noted in this Court's Opinion addressing Defendant's Motion for Summary Judgment, there are no duplicative claims between this suit and the state court suit. *Murray*, 2010 U.S. Dist. LEXIS 123941 at *2, n.2.

10

state court complaint and his federal court complaint to include claims that he either already asserted in the other suit, or that he attempted to include in the other suit but was denied leave to amend. First, the record is not entirely clear as to whether any claims, or proposed claims, were duplicative. Plaintiff applied, or believed he applied, to BDCI on several occasions for several different positions. This undisputed fact, along with Plaintiff's argument that he need not continually apply to BDCI after submitting his resume several times, complicates and muddles his discrete legal claims under both state and federal law. It is difficult to parse Plaintiff's claims because of the long and winding history of interactions between he and BDCI.[10]

But even if this Court assumes as true that Plaintiff *attempted* to assert duplicative claims, he ultimately was not allowed to do so, and the result was two separate suits involving separate sets of claims. While Plaintiff's attempts at including duplicative claims in two different lawsuits could be probative of his bad faith, such evidence is not sufficient, in the context of the facts and claims at issue in this case, to warrant a finding of bad faith.

Lastly, Defendants rely on an email Plaintiff sent to defense

---

[10] Plaintiff has asserted that he first applied to BDCI in 1985. As Defendants themselves observe, Plaintiff "pled the earlier facts and occurrences [between he and BDCI] as necessary background and support for his new claims." (Defs' Moving Brief p. 26)

11

counsel in which Plaintiff wrote: "I intend to put my foot on [Defendants'] throat by proving unequivocally that [the individual Defendants and their counsel] are a bunch of reprehensible racists that have egregiously violated the New Jersey Law Against Discrimination and 42 U.S.C. § 1981."  To be sure, the email's language is uncivil and inflammatory, but it does not establish that Plaintiff was pursuing his lawsuit in bad faith.  Indeed, one might construe the email as demonstrating (albeit, inappropriately[11]) Plaintiff's strongly held belief that he was the victim of illegal action motivated by racism.

There is insufficient evidence to support a finding that Plaintiff acted in bad faith in litigating this suit.  Accordingly, this Court will not impose sanctions pursuant to its inherent authority or § 1927.

*Sanctions pursuant to Rule 11*

To the extent Defendants' arguments in favor of Rule 11 sanctions are premised on their claims of bad faith discussed above, this Court declines to impose sanctions for the reasons already stated.  However, further discussion is warranted because Rule 11 sanctions may be imposed in the absence of bad faith.  *See*

---

[11] Defendants submit copies of other email correspondence between Plaintiff and defense counsel wherein Plaintiff repeatedly uses profanity.  Such language is entirely inappropriate and this Court's opinion should be in no way interpreted to condone Plaintiff's actions in that regard.

*Chambers*, 501 U.S. at 47.

Defendants assert that Plaintiff did not have an objective knowledge or belief at the time of filing this suit (or presumably thereafter) that his claims had evidentiary support or that his legal contentions were warranted by existing law or by a nonfrivolous argument for extending existing law. *See* Fed. R. Civ. P. (b)(2)-(4). Specifically, Defendants argue that Plaintiff knew his claims were meritless because even according to his own evidence, he never applied for the positions at issue in this case.

Defendants, however, apparently ignore the crux of Plaintiff's case, namely his theory that he did not need to repeatedly apply for positions after having applied several times in the past. Such a contention was not entirely without support; as this Court discussed in its summary judgment opinion, the Third Circuit has previously stated that "'the failure to formally apply for a job opening will not bar a plaintiff from establishing a prima facie claim of discriminatory hiring.'" *Murray*, 2010 U.S. Dist. LEXIS 123941 at *16 (quoting *EEOC v. Metal Service Co.*, 892 F.2d 341, 348 (3d Cir. 1990)). While *Metal Service* is distinguishable from this case, *see id.* at *16-17, arguing to extend *Metal Service* to this case was not frivolous.

Accordingly, the Court declines to impose Rule 11 sanctions on Plaintiff.

C.

Lastly, Defendants separately move to enjoin Plaintiff from (1) applying for future positions at BDCI; and (2) filing lawsuits or administrative claims against BDCI. Defendants assert that an injunction is needed to prevent further "abuses" by a "serial litigant."

In support of their argument Defendants rely not only on Plaintiff's conduct in this suit and the somewhat related state court suit, but also on evidence that Plaintiff has pursued a very similar litigation strategy in filing lawsuits against Pinnacle Foods, another company who did not hire Plaintiff.

Plaintiff filed at least three separate state court lawsuits against Pinnacle and its various employees alleging race discrimination and retaliation claims, none of which were successful. *See, e.g., Murray v. Pinnacle Foods,* 2009 N.J. Super. Unpub. LEXIS 2583 (App. Div. 2009)(discussing cases); *Murray v. Pinnacle Foods*, 2009 N.J. Super. Unpub. LEXIS 3136 (App. Div. 2009).

Additionally, Defendants emphasize that Plaintiff has already demonstrated-- in word and deed-- his intent to continue applying for positions at BDCI and continue filing lawsuits if he is not hired. Specifically, Defendants submit email correspondence wherein Plaintiff states that he will continue to seek employment with BDCI. Indeed, he has applied for a Seasonal Night Loader

position, BDCI allegedly rejected him, and now he has filed a new lawsuit in state court based on this most recent failure to hire.

While it is true that this Court has already questioned whether Plaintiff's most recent application for the Seasonal Night Loader position was made in good faith, *see supra* n.5, the Court does not believe that his most recent lawsuit, even when considered in light of Plaintiff's other suits against BDCI and Pinnacle Foods, warrants an injunction *at this time*.

The cases Defendants rely upon in support of their application involve more extreme cases.  Most notably, in *Becker v. Sherwin Williams,* 717 F Supp. 288 (D.N.J. 1989), the court issued an injunction against a vexatious litigant only after expressly noting the "particular relevance that three other federal courts have issued injunctions against Mr. Becker which are similar to those requested in these proceedings." *Id*. at 296.
The court continued,

> The court has been advised of at least eighteen reported decisions involving plaintiff and many other unreported cases cited therein, all of which involve rejections of Mr. Becker's employment applications. The EEOC asserts that as of July, 1988, Mr. Becker had filed 321 individual charges of discrimination with 15 different EEOC districts, 261 of which were filed in the New York district and 35 of which were filed in the Philadelphia district.

*Id.*

Plaintiff's several lawsuits, *at least to date*, are not nearly as prolific and *do not yet* constitute abuse or interference with

15

the administration of justice.  To this Court's knowledge, no court has enjoined Plaintiff or, more significantly, imposed any other type of sanction upon him.  Indeed, at least one court expressly declined to impose sanctions on Plaintiff.  *See Murray v. Pinnacle Foods Corp.,* 2009 N.J. Super. Unpub. LEXIS 2583 at *14.  If Plaintiff continues in his current course, perhaps a day may come when some form of sanction from some court or other tribunal is appropriate, but that day is not today.

Defendants' Motion for Injunctive Relief will be denied.

### IV.

For the reasons set forth above all of the pending Motions will be denied.  An appropriate Order accompanies this Opinion.


Dated: February 14, 2011

                                                   s/ Joseph E. Irenas
                                        **Joseph E. Irenas, S.U.S.D.J.**